IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CASE NO. MS-5609 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| MELVIN G. HEIDE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>REPORT</u>

### I.
### Introduction.

This matter is before the Court pursuant to an Objection to Proceedings in Idaho (Dkt# 8)

filed on July 14, 2004 by the Defendant/Judgment Debtor Melvin Heide ("Heide"). As

background, Heide, entered a plea of guilty to mail fraud and making false statements in the

Western District of Washington and a Judgment and Commitment was entered on July 24, 1990.

Part of the Judgment and Commitment required that he make restitution to 10 individuals for his

fraudulent activities, in the amount of $1,656,768.60. After various credits were made, by May

6, 1991, the amount of restitution was reduced to $957,874.70. On January 21, 1993, Heide

entered into a Restitution Agreement where he agreed to pay $150.00 a month on his restitution, but that minuscule amount hardly made a dent in his obligation.

Part of Heide's sentence included 5 years of probation. As his probation neared its completion, his probation officer notified the sentencing judge that his restitution now equaled $947,849.70 and that she had requested that Heide execute a promissory note for that amount promising to pay the restitution to the 10 victims, but that Heide had refused. On September 17, 1997, Heide was discharged from probation without the restitution ever being satisfied. Efforts to collect the restitution then fell into the hands of the United States Attorneys' Office in the Western District of Washington and eventually the United States Attorneys' Office for the District of Idaho ("Government").

Apparently it came to the attention of the Government that Heide had a potential asset located in the District of Idaho which could be levied upon to satisfy the outstanding restitution. On April 16, 2004, the Government registered the July 24, 1990 Western District of Washington's Judgment and Commitment in the District of Idaho. On May 25, 2004, the Government made an Application for a Writ of Execution. The Writ of Application alleged that Heide's largest asset was his ownership of WBW, a limited liability company organized under the laws of Washington and registered in Idaho. There were no other members of WBW, LLC., except Heide, and he was listed as the manager.

Earlier, WBW, LLC., had filed a Petition in Bankruptcy under Chapter 11 in the District of Idaho. *In re WBW, LLC.,* Case No. BR 03-2387. There were two pending Adversary Proceedings filed in that case. One adversary action revolved around the question of whether Heide was the alter ego of WBW, LLC, and whether WBW, LLC, was acting on behalf of Virgil

**Report and Recommendation – Page 2**

Jahnke, an Idaho judgment debtor, to conceal assets from collection by the Government. *See WBW, LLC., v Department of Treasury, et al.,* Adversary No. 03-6316, and *United States v. WBW, LLC., et al.* Adversary No. 04-6091. The Application for a Writ of Application further described Heide's ties to the District of Idaho as being substantial and asserted that venue was proper in the District of Idaho and that nationwide jurisdiction was conferred under the Federal Debt Collection Act, 28 U.S.C. § 3004(b). Since the assets of the WBW, LLC., upon which the Government sought to levy were currently under the jurisdiction of the Bankruptcy Court, the Government asserted that service of the Writ on the Bankruptcy Court would be sufficient to "secure" the property.

Also dated May 26, 2004 was a Clerk's Notice of Post-Judgment Execution which was to be served on Heide. This notice provided that if Heide thought the property was exempt from execution that he could request a hearing before the Court and further if Heide resided out of the state of Idaho, he could request within 20 days that the matter be transferred to the district court where he resided. On June 29, 2004 Heide was served by a Deputy U.S. Marshal in Bellevue, Washington, with the Clerk's Notice of Post-Judgment Execution on the Defendant.

On July 14, 2004, Heide, acting pro se, filed an Objection to Proceeding in Idaho, requesting that this proceeding be transferred to the Western District of Washington where he resided. On July 20, 2004, the Government responded to the Objection to Proceeding in Idaho. In its response, the Government argued that under general venue provision, an action to recover a fine, penalty or forfeiture may be prosecuted in the district where the defendant is found or the district where it accrues. 28 U.S.C. § 1395(a). The Government asserted that since WBW,

LLC., is the alter ego of Heide and its assets were within the jurisdiction of the Bankruptcy Court in the District of Idaho, that Heide was "present" in Idaho for the purposes of these proceeding.

This Court noticed a hearing on October 13, 2004 to determine the validity of the objections, which was vacated until Heide's Seattle attorney could file his application to appear *pro hac vice* which was done on November 23, 2004.  Prehearing memorandums were submitted by both parties.  Heide argued in his submissions that Heide's earlier Objection to Proceeding in Idaho should be treated as a motion for change of venue under 28 U.S.C. § 104(a) for the convenience of the parties and witnesses.  Secondly, Heide argued that the 1990 Western District of Washington's Judgment and Commitment had been wrongfully registered in Idaho and that the Writ of Execution should be vacated and or quashed and the proceedings abated.  Thirdly, Heide argued that the restitution obligation was a special condition of his probation under the Federal Probation Act, 18 U.S.C. § 3651 (repealed by Pub. L. No. 98-473, Title II, § 212(a)(2), 98 Stat. 1987, 2031 (1984).  Since Heide had been discharged from his probation on September 17, 1997, he argues that any obligation to pay restitution expired on the day his probation ended.

The Government's prehearing memorandum took issue with each of the points raised by Heide.  Further, the Government moved to strike the affidavit of Peter K. Mair which he been submitted on behalf of Heide. (Dkt # 16)  In the affidavit, Mr. Mair, who was Heide's criminal defense attorney during the underlying criminal case, discusses conversations he has had with Assistant United States Attorney Kurt Hermanns, who was one the attorneys who handled the prosecution of Heide in Washington.  The affidavit also included the professional background of Mr. Mair and includes some discussion of how the Federal Probation Act and the Victim Witness Protection Act applied to this case and Mair's opinion that Heide was sentenced under the

**Report and Recommendation – Page 4**

Federal Probation Act.  The Government asked that the affidavit be stricken based on hearsay and inadmissable legal opinion's from Heide's former criminal defense counsel.

On December 2, 2004, this Court held a hearing on Heide's objections to the Writ of Execution and took the matter under advisement.  Following the hearing the Court reviewed the bankruptcy pleadings that had been submitted by the Government.  It appeared to the Court that the validity of the Western District of Washington's Judgment and Commitment would be resolved at the same time the Government was arguing its position in Bankruptcy Court that Heide was the alter ego of WBW, LLC.   There was also an automatic stay in place because of the bankruptcy, at least as to WBW, LLC.  In the interest of judicial economy and to avoid possible inconsistent decisions on these issues, the Court held this matter in abeyance pending possible resolution of these issues by the Bankruptcy Court.

Both parties have advised the Court in their status reports that any stay provisions under the Bankruptcy Code would not affect the issues raised by Heide's objections to the registration of the Western District of Washington's Judgment and Commitment in Idaho.  Further, resolution of these issues would assist in the administration of the bankruptcy proceedings.  Based on these representations, the Court will proceed to rule on Heide's objections.

## II.
## Analysis.

### A.  Venue.

The Defendant's Memorandum of Authorities Re: Writ of Execution,  (Dkt# 17), sets forth the appropriate legal standard to consider a motion for a change venue under 28 U.S.C. § 1404(a).  The statute provides that "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to another district or division

where it may have been brought." *See Direct TV, Inc., v. EQ Stuff, Inc.,* 207 F.Supp2d 1077,

1082 (C.D. Cal. 2002) (Court may consider: (1) the plaintiff's choice of forum, (2) the

convenience of witnesses and parties, (3) the familiarity of the forum with applicable law, (4) the

ease of access to evidence, (5) the parties' contacts with the chosen forum, and (6) the differences

in the cost of litigation).

In opposition to the motion to change venue, the Government points out that it is Heide

who selected the District of Idaho to file his Chapter 11 petition in bankruptcy for WBW, LLC.,

which has now been converted into a Chapter 7 liquidation.  Further that the real property which

is the primary asset of the bankruptcy is located in Idaho.  The plaintiff's choice of forum, Idaho,

is also entitled to be given weight and Congress has seen fit to allow nationwide jurisdiction

under 28 U.S.C. § 3004(b).

It seems somewhat incongruous on the part of Heide to argue that the District of Idaho is

not a convenient forum to litigate the validity of the Writ, which seeks to attach any interest

Heide may have in any of the assets WBW, LLC. after the Chapter 7 liquidation, when Heide has

never indicated that it has been in any manner inconvenient for him to litigate his bankruptcy in

this District.  Heide  has substantial contacts with this forum as indicated by the property and real

estate transaction he has been involved within this District.  In addition, Heide will continue to be

involved in bankruptcy litigation in this District as to the matters raised in the adversary actions,

which the Government argues are efforts to conceal assets on behalf of another judgment debtor,

Mr. Jahnke.

**Report and Recommendation – Page 6**

When the factors cited by the Defendant are considered, the Court finds that the District of Idaho is an appropriate forum to resolve the issues surrounding the validity of the Writ of Execution. And if the representation of counsel are correct, this will in turn assist the United States Bankruptcy Court for the District of Idaho in resolving the issues now pending before that court. The motion for a change of venue should be denied.

**B. Registration of Judgment in Idaho.**

There is no question that the Government has the authority to register a foreign judgment in this District. Once registered, the judgment may be enforced in the same manner as a judgment originally entered by this Court. 28 U.S.C. § 1963. This statute was adopted to simplify and facilitate the enforcement of federal judgments, to eliminate the necessity and expense of a second lawsuit, and to avoid impediments, such as diversity of citizenship. *Juneau Spruce Corp., v. International Longshoremen's & Warehousemen's Union* 128 F.Supp. 697 (D.C. Hawaii 1955).

In order to be eligible for registration as a foreign judgment, a judgment must have continued viability under the law of the jurisdiction where it was entered. *id.* at 700. The court of registration has jurisdiction to entertain motions challenging the validity of the underlying judgment. *FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996) Further, a court has the power to annul a judgment improperly registered in its district, including the power to vacate any process or execution of judgment and return of assets and property improperly seized. *Ohio Hoist Mfg. Co., v. LiRocchi*, 490 F.2d 105, 107-108 (6th Cir. 1974).

Heide asserts that the Government wrongfully registered the Western District of Washington's Judgment and Commitment in the District of Idaho because that judgment no

**Report and Recommendation – Page 7**

longer had any continuing viability under federal law.  In a nutshell, Heide argues that he was sentenced to probation under the Federal Probation Act ("FPA"); a condition of his probation was that he pay restitution to the victims of his fraud; that at the time his 5 year probation was about to expire, he still owed in excess of $900,000; that on September 17, 1997, the sentencing judge discharged him from probation which extinguished his obligation to make further restitution; and therefore there is no money judgment for the Government to now register in the District of Idaho and upon which to seek execution.   As a corollary to these arguments, Heide correctly notes that if he were sentenced under the FPA, the victims, not the Government, would have to be the parties to execute on any judgment requiring restitution.

The Government does not dispute that Heide would be correct if he had been sentenced under the FPA; however the Government argues that he was not sentenced under the FPA.  The Government argues that Heide's order of restitution was imposed under the Victim Witness Protection Act ("VWPA"), therefore making the registration of that action in this District legal and execution by the Government, as opposed to the victims, proper.

## C. Interplay between FPA and VWPA.

The Federal Probation Act was originally enacted in 1925.[1]  The provisions were not complex, as stated in 18 U.S.C. § 3561 (1982):

> While on probation and among the conditions thereof, the defendant.....
>
> ****
>
> May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had....

---

[1]The Federal Probation Act of 1925, ch. 521, 43 Stat.1259, 1260. Act June 25, 1948, ch. 645, 62 Stat. 683, codified, 18 U.S.C.§ 3651.

**Report and Recommendation – Page 8**

The FPA had two primary problems: (1) a defendant did not have to pay any restitution except while on probation, and (2) whether to require restitution was left entirely to the discretion of the sentencing court. The Sentencing Reform Act of 1984, repealed the FPA for offenses occurring after the effective date of November 1, 1987.[2]

In 1982, Congress enacted the Victim Witness Protection Act, in part to address concerns about restitution for victims of criminal offenses, with an effective date of January 1, 1983[3]. A major feature was to make restitution independent of a sentence of probation. Another feature was to require restitution where ever possible. The Seventh Circuit described the VWPA as "a major milestone in the evolution of victims' rights in the criminal justice system." *United States v. Martin,* 128 F.3d 1188, 1190 (7th Cir. 1997).

After November 1, 1987, the FPA was no longer in effect and all sentences which included restitution for offenses occurring *after* that date would be pursuant to the VWPA. An unusual problem soon developed, probably not foreseen by Congress. For offenses that occurred after January 1, 1983, the effective date of the VWPA, but before November 1, 1987, the repeal date of the FPA, a sentence where restitution was a component, could either be under the FPA or the VWPA. *United States v. Landrum,* 93 F.3d 122, 124-125 (4th Cir. 1996). The problem became so pronounced, that circuit courts of appeal were urging trial judges to clearly specify in their judgment and commitments whether the restitution was being ordered under the FPA or the VWPA. *See United States v. Padgett,* 892 F.2d 445, 448 (6th. Cir. 1989).

_____

[2]The Sentencing Reform Act of 1984, Chapter II of the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (Oct 12, 1984).

[3]The Victim Witness Protection Act of 1982, Pub. L. No. 97-291 § 5(a), 96 Stat. 1253 (Oct. 12, 1982) codified 18 U.S.C. § 3663.

**Report and Recommendation – Page 9**

Unfortunately or fortunately, depending on which side of the issue you are in this case, Heide's offenses fell into the time frame where the restitution statutes overlapped. Heide pled guilty to two charges in the indictment. On Count XVI, he was charged with devising a scheme to defraud two of the victims, starting on or about July 1983 and continuing to January 20, 1985. On this charge, he was sentenced to 3 years imprisonment. On Count V, he was charged with making a false statement on September 28, 1984. At the sentencing hearing on July 20, 1990, the minute entry states the trial judge imposed "5 years probation with special condition that defendant provide his probation officer with access to all financial information. restitution as ordered." (Exhibit 3 to Declaration of Peter K. Mair, Dkt # 18).

This case could be easily resolved if one could simply look at the judgment and commitment and ascertain whether the trial judge intended to require Heide to pay restitution under the FPA or the VWPA. But as noted earlier, these issues did not start to be raised at the appellate levels until several years later and it was not uncommon to have judgment and commitment that did not definitively specify under which regime, FPA or VWPA, restitution was being ordered.

After carefully examining the record, the Court concludes that the sentencing judge intended to impose sentence under the VWPA for the following practical, factual and legal reasons. First, by the time sentence was imposed in this case in 1990, the FPA had for practical purposes been dead for three years, having expired in 1987. Since January 1, 1983, federal judges had been using the VWPA to require restitution, and after November 1, 1987 it was their only source for restitution for offenses occurring after that date. In this case, it does not make any practical sense in 1990 for a judge to look back at the two charges Heide was pleading guilty

Report and Recommendation – Page 10

to, and say, "Well, this is that unusual case where I can sentence either under the FPA or the VWPA" and then sentence under the weaker of the two statutory scheme, imposing over $1.6 million dollars in restitution and hoping that it would all be paid in five years. Also knowing that if she used the FPA as a basis for restitution, all restitution obligations would expire when probation ended. It makes far more practical sense that a sentencing judge would want to achieve the most protection for the victims and have restitution ordered under the only statute that would allow the obligation to survive after probation ended.

As to the factual reasons, the Court has reviewed the Sentencing Memorandum that the Government submitted to the trial judge in advance of sentencing. (Exhibit C to Second Amended United States Supplemental Memorandum, Dkt # 21). This is somewhat significant because the apparent practice in the Western District of Washington was that the United States Attorneys' Office would prepare, after sentencing, the formal judgment and commitment and present it to the sentencing judge for approval. It seems logical that the United States Attorneys' Office would draft the judgment and commitment in a consistent manner with their recommendation *unless* the sentencing judge rejected their recommendations and imposed a different sentence. The minutes of the sentencing hearing give no indication that the sentencing judge disagreed with the Government's recommendation, except in reducing the recommended prison term from five years to three years. (Exhibit 3 to Declaration of Mair, Dkt # 18) Further, the minute entry of the sentencing hearing does not indicate that the sentencing judge ordered restitution as a "special" condition of probation, but instead stated, "restitution as ordered." The only special condition of probation was that the Heide was to provide his probation officer with access to all financial information.

Returning to the Sentencing Memorandum, the Court notes that on page 15, the

Government requests:

> The Government respectfully requests that the Court order that this restitution be
> paid within the period commencing at the entry of judgment and ending at the
> period of probation imposed, pursuant to *18 U.S.C. § 3663 (f)(2)(A)* or, if no
> period of probation is imposed, within five-year period after the end of any term
> of imprisonment that is imposed, pursuant to *18 U.S.C. § 3663(f)(2)(B).*
> (Emphasis added).

The importance of this is that before sentencing, the Government was arguing for restitution

under the VWPA and citing those sections of the United States Code to the sentencing judge.

For ease of review, the Court has attached as an addendum to this Report and Recommendation,

a photocopy of how those provisions would have appeared in the West Publishing Company's

soft bound 1990 Edition of the Federal Criminal Code and Rules, which was generally available

to federal criminal defense attorney, Assistant United States Attorneys and federal trial judges on

July 20, 1990  when Heide was sentenced.

Heide argues that actual wording of the 1990 Judgment and Commitment supports his

position that restitution was imposed as a "special" condition of probation, and therefore it must

fall under the FPA.  But that argument does not necessarily lead to that conclusion.  18 U.S.C. §

3663(g) provides that if a defendant is placed on probation under this title, "any restitution

ordered under this section *shall* be a condition of such probation..."(Emphasis added)  Also, the

court can revoke probation if restitution is not made.  Therefore the wording of the Judgment and

Commitment is consistent with the VWPA.

One other factual notation lends support to the conclusion that the sentence was imposed

under the VWPA and not the FPA.  Heide argues that at the time everyone in the Western

**Report and Recommendation – Page 12**

District of Washington, including the probation officer, believed that the restitution was under

FPA. Heide also argues that the United States Attorneys' Office was never involved from the

civil side to collect restitution. While a minor point, the Court notes that a copy of the restitution

agreement signed by Heide on January 20, 1993, was provided to the U.S. Attorney's Office,

Civil Division. (Exhibit 5 to Declaration of Peter Mair, Dkt # 18).

     Finally, case law supports a finding that the sentence was imposed under the stronger

provisions of the VWPA and not the weaker provisions of the FPA. As noted by the

Government, a majority of the circuits have held that when a district court fails to specify

whether the FPA or VWPA was meant to apply, that the appellate courts will assume that the

broader provisions of the VWPA were intended by the sentencing judge, unless there is a clear

intention in the record that the sentencing judge intended for the FPA to apply. *United States v.

Brewer,* 983 F.2d 101, 184 (10th Cir. 1993); *United States v. Chaney,* 964 F.2d 437, 451 (5th Cir.

1992); *United States v. Kress,* 944 F.2d 155, 158 (3rd Cir. 1991) *cert denied* 502 U.S. 1092

(1992); *United States v. Padgett,* 892 F.2d 445, 448 (6th Cir. 1989) ("[W]e conclude that the

intention must have been to proceed under the VWPA since to do other than that would simply

be foolish); *United States v. Spambanato,* 876 F.2d 5, 7 (2nd Cir. 1989) ("[F]or crimes committed

after January 1, 1983...restitution is to be awarded only pursuant to the VWPA."); *United States

v. Ferrera,* 746 F.2d 908, 914 (1st Cir. 1984) ("[W]e forsee little or no resort to [the FPA] in the

future, it have been effectively superceded in most cases by the broader restitution provisions of

the [VWPA].")

     As previously discussed, all of the practical considerations and the facts in the record

clearly point to the VWPA as the basis for the restitution order. And applying the above legal

standard, there is certainly no clear indication that the sentencing judge intended the FPA to apply instead.  Therefore the Court recommends that the Western District of Washington Judgment and Commitment which order restitution be deemed to have entered pursuant to the provisions of the VWPA and is valid as a 20 year judgment against Heide.

**D.  Motion to Strike.**

The Government has moved to strike the affidavit of Mr. Mair.  (Dkt # 16) While the Court has referenced some of the exhibits attached to the affidavit, it did not rely upon any representation made by Mr. Mair as to his conversation with the AUSA who prosecuted Heide, nor on any of his legal opinions as to the interplay between the FPA and the VWPA.  Therefore the motion to strike is moot.

## II.
## RECOMMENDATION.

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court hereby **RECOMMENDS** that:

1.  That the Objection by the Defendant to Proceeding in Idaho (Dkt # 8) be **DENIED,** and,

2.  That the Motion to Strike, (Dkt # 16) be deemed **MOOT.**

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

**Report and Recommendation – Page 14**



DATED: May 24, 2006

Honorable Mikel H. Williams
United States Magistrate Judge

# 1990 Edition

### Supersedes 1989 Edition

## *Federal*

# CRIMINAL CODE and RULES

## FEDERAL RULES:

**CRIMINAL PROCEDURE**
**HABEAS CORPUS RULES**
**MOTION ATTACKING SENTENCE RULES**
**MISDEMEANOR TRIALS BEFORE U.S. MAGISTRATES**
**EVIDENCE**
**APPELLATE PROCEDURE**
**SUPREME COURT RULES**

TITLE 18—CRIMES AND CRIMINAL PROCEDURE

TITLE 15—Section 1644—FRAUDULENT USE OF CREDIT CARDS

TITLE 21—Chapter 13—DRUG ABUSE PREVENTION AND CONTROL

TITLE 26—Chapter 53—MACHINE GUNS, DESTRUCTIVE DEVICES, AND CERTAIN OTHER FIREARMS

TITLE 28—Chapter 58—UNITED STATES SENTENCING COMMISSION

—Chapter 153—HABEAS CORPUS

—Chapter 175—CIVIL COMMITMENT AND REHABILITATION OF NARCOTIC ADDICTS

TITLE 31—Chapter 53, Subch. II—MONETARY INSTRUMENTS TRANSACTIONS

TITLE 41—Sections 51 to 58—ANTI–KICKBACK ACT OF 1986

TITLE 46—Chapter 38—MARITIME DRUG LAW ENFORCEMENT

ADVISORY COMMITTEE NOTES ON RULES
REVISERS' NOTES ON TITLE 18



™ **WEST PUBLISHING COMPANY**

Summary of Features on back cover

*1985, 99 Stat. 1728, provided that effective Nov. 1, 1987, the second paragraph of this section which read:*

"He shall keep informed concerning the conduct and condition of each probationer under his supervision and shall report thereon to the court placing such person on probation."

*is amended to read as follows:*

"He shall keep informed concerning the conduct, condition, and compliance with any condition of probation, including the payment of a fine or restitution of each probationer under his supervision, and shall report thereon to the court placing such person on probation. He shall report to the court any failure of a probationer under his supervision to pay a fine in default within thirty days after notification that it is in default so that the court may determine whether probation should be revoked."

*See Codification note below.*

**Codification.** Pub.L. 98–596, § 12(a)(4), Oct. 30, 1984, 98 Stat. 3139, restored the paragraph which Pub.L. 98–473 had amended (see Amendment of Section note above), effective Oct. 12, 1984, pursuant to section 12(b) of Pub.L. 98–596. This amendment was not executed to text since the identical language was presently in text. The amendment was a probable attempt to restore the text of section 3655 which was amended by Pub.L. 98–473, Title II, c. II, § 238(d), Oct. 12, 1984, 98 Stat. 2039, effective, however, on Nov. 1, 1986 (effective date extended by Pub.L. 99–217, § 4, Dec. 26, 1985, 99 Stat. 1728, to Nov. 1, 1987).

**§ 3656. Duties of Director of Administrative Office of the United States Courts**

The Director of the Administrative office of the United States Courts, or his authorized agent, shall investigate the work of the probation officers and make recommendations concerning the same to the respective judges and shall have access to the records of all probation officers.

He shall collect for publication statistical and other information concerning the work of the probation officers.

He shall prescribe record forms and statistics to be kept by the probation officers and shall formulate general rules for the proper conduct of the probation work.

He shall endeavor by all suitable means to promote the efficient administration of the probation system and the enforcement of the probation laws in all United States courts.

He shall, under the supervision and direction of the Judicial Conference of the United States, fix the salaries of probation officers and shall provide for their necessary expenses including clerical service and travel expenses.

He shall incorporate in his annual report a statement concerning the operation of the probation system in such courts.

(June 25, 1948, c. 645, 62 Stat. 843; May 24, 1949, c. 139, § 57, 63 Stat. 97.)

**Effective Date of Repeal; Savings Provisions.** Repeal by Pub.L. 98–473 effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

## CHAPTER 232—MISCELLANEOUS SENTENCING PROVISIONS

Sec.
3661. Use of information for sentencing.
3662. Conviction records.
3663. Order of restitution.
3664. Procedure for issuing order of restitution.
3665. Firearms possessed by convicted felons.
3666. Bribe moneys.
3667. Liquors and related property; definitions.
3668. Remission or mitigation of forfeitures under liquor laws; possession pending trial.
3669. Conveyance carrying liquor.
3670. Disposition of conveyances seized for violation of the Indian liquor laws.
3671. Vessels carrying explosives and steerage passengers.
3672. Duties of Director of Administrative Office of the United States Courts.
3673. Definitions for sentencing provisions.

## § 3661. Use of information for sentencing

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. (Added Pub.L. 91–452, Title X, § 1001(a), Oct. 15, 1970, 84 Stat. 951, § 3577, and renumbered Pub.L. 98–473, Title II, § 212(a)(1), Oct. 12, 1984, 98 Stat. 1987.)

EDITORIAL NOTES

**Effective Date and Savings Provisions of 1984 Amendment.** Amendment by Pub.L. 98–473 effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 225 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

## § 3662. Conviction records

(a) The Attorney General of the United States is authorized to establish in the Department of Justice a repository for records of convictions and determinations of the validity of such convictions.

(b) Upon the conviction thereafter of a defendant in a court of the United States, the District of Columbia, the Commonwealth of Puerto Rico, a

19, c. 139,

. Repeal
rst calen-
Oct. 12,
r taking
d except
235 of
e under

3

nder li-

tion of

passen-

of the

ng
ation
nduct
court
r for
ence.
70, 84
tle II,

1984
ve on
ty six
enses
39 of
l for
l, set

es is
Jus-
and
ons.
lant
of
), a
—

territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof for an offense punishable in such court by death or imprisonment in excess of one year, or a judicial determination of the validity of such conviction on collateral review, the court shall cause a certified record of the conviction or determination to be made to the repository in such form and containing such information as the Attorney General of the United States shall by regulation prescribe.

(c) Records maintained in the repository shall not be public records.  Certified copies thereof—

(1) may be furnished for law enforcement purposes on request of a court or law enforcement or corrections officer of the United States, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession on the United States, any political subdivision, or any department, agency, or instrumentality thereof;

(2) may be furnished for law enforcement purposes on request of a court or law enforcement or corrections officer of a State, any political subdivision, or any department, agency, or instrumentality thereof, if a statute of such State requires that, upon the conviction of a defendant in a court of the State or any political subdivision thereof for an offense punishable in such court by death or imprisonment in excess of one year, or a judicial determination of the validity of such conviction on collateral review, the court cause a certified record of the conviction or determination to be made to the repository in such form and containing such information as the Attorney General of the United States shall by regulation prescribe; and

(3) shall be prima facie evidence in any court of the United States, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof, that the convictions occurred and whether they have been judicially determined to be invalid on collateral review.

(d) The Attorney General of the United States shall give reasonable public notice, and afford to interested parties opportunity for hearing, prior to prescribing regulations under this section.

(Added Pub.L. 91–452, Title X, § 1001(a), Oct. 15, 1970, 84 Stat. 951, § 3578, and renumbered Pub.L. 98–473, Title II, § 212(a)(1), Oct. 12, 1984, 98 Stat. 1987.)

### EDITORIAL NOTES

**Effective Date and Savings Provisions of 1984 Amendment.**  Amendment by Pub.L. 98–473 effective on the first day of first calendar month beginning thirty six

months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

## § 3663.  Order of restitution

(a) The court, when sentencing a defendant convicted of an offense under this title or under subsection (h), (i), (j), or (n) of section 902 of the Federal Aviation Act of 1958 (49 U.S.C. 1472), may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.

(b) The order may require that such defendant—

(1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—

(A) return the property to the owner of the property or someone designated by the owner; or

(B) if return of the property under subparagraph (A) is impossible, impractical, or inadequate, pay an amount equal to the greater of—
(i) the value of the property on the date of the damage, loss, or destruction, or
(ii) the value of the property on the date of sentencing,
less the value (as of the date the property is returned) of any part of the property that is returned;

(2) in the case of an offense resulting in bodily injury to a victim—

(A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

(C) reimburse the victim for income lost by such victim as a result of such offense;

(3) in the case of an offense resulting in bodily injury also results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services; and

(4) in any case, if the victim (or if the victim is deceased, the victim's estate) consents, make restitution in services in lieu of money, or make restitution to a person or organization designated by the victim or the estate.

(c) If the court decides to order restitution under this section, the court shall, if the victim is deceased, order that the restitution be made to the victim's estate.

(d) To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.

(e)(1) The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent that such person paid the compensation. An order of restitution shall require that all restitution to victims under such order be made before any restitution to any other person under such order is made.

(2) Any amount paid to a victim under an order of restitution shall be set off against any amount later recovered as compensatory damages by such victim in—

(A) any Federal civil proceeding; and

(B) any State civil proceeding, to the extent provided by the law of that State.

(f)(1) The court may require that such defendant make restitution under this section within a specified period or in specified installments.

(2) The end of such period or the last such installment shall not be later than—

(A) the end of the period of probation, if probation is ordered;

(B) five years after the end of the term of imprisonment imposed, if the court does not order probation; and

(C) five years after the date of sentencing in any other case.

(3) If not otherwise provided by the court under this subsection, restitution shall be made immediately.

(4) The order of restitution shall require the defendant to make restitution directly to the victim or other person eligible under this section, or to deliver the amount or property due as restitution to the Attorney General or the person designated under section 604(a)(17) of title 28 for transfer to such victim or person.

(g) If such defendant is placed on probation or sentenced to a term of supervised release under this title, any restitution ordered under this section shall be a condition of such probation or supervised release. The court may revoke probation or a term of supervised release, or modify the term or conditions of probation or a term of supervised release, or hold a defendant in contempt pursuant to section 3583(e) if the defendant fails to comply with such order. In determining whether to revoke probation or a term of supervised release, modify the term or conditions of probation or supervised release, or hold a defendant serving a term of supervised release in contempt, the court shall consider the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.

(h) An order of restitution may be enforced—

(1) by the United States—

(A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title; or

(B) in the same manner as a judgment in a civil action; and

(2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action.

(Added Pub.L. 97–291, § 5(a), Oct. 12, 1982, 96 Stat. 1253, § 3579 renumbered and amended Pub.L. 98–473, Title II, § 212(a)(1), (3), Oct. 12, 1984, 98 Stat. 1987, 2010; Pub.L. 98–596, § 9, Oct. 30, 1984, 98 Stat. 3138; Nov. 10, 1986, Pub.L. 99–646, §§ 8(b), 20(a), 77(a), 78(a), 79(a), 100 Stat. 3593, 3596, 3618, 3619; Pub.L. 100–182, § 13, Dec. 7, 1987, 101 Stat. 1268; Pub.L. 100–185, § 12, Dec. 11, 1987, 101 Stat. 1285; Pub.L. 100–690, Title VII, § 7042, Nov. 18, 1988, 102 Stat. 4399.)

## EDITORIAL NOTES

**Effective Date of 1987 Amendment.** Amendment by Pub.L. 100–182 applicable with respect to offenses committed after enactment of Pub.L. 100–182, which was approved Dec. 7, 1987, see section 26 of Pub.L. 100–182, set out as a note under section 3006A of this title.

**Effective Date of 1986 Amendment.** Amendment of subsec. (a) by section 8(b) of Pub.L. 99–646, effective on the day section 3553 takes effect, Nov. 1, 1987, see section 8(c) of Pub.L. 99–646, set out as a note under section 3553 of this title.

Amendment of subsec. (a)(1) by section 20(a) of Pub.L. 99–646, effective on the date of taking effect of section 212(a)(2) of Pub.L. 98–473, Nov. 1, 1987, see section 20(c) of Pub.L. 99–646, set out as a note under section 3556 of this title.

Section 77(b) of Pub.L. 99–646 provided that: "The amendment made by this section [amending this section] shall take effect on the 30th day after the date of the enactment of this Act [Nov. 10, 1986]."

Section 78(b) of Pub.L. 99–646 provided that: "The amendment made by this section [amending this section] shall take effect on the 30th day after the date of the enactment of this Act [Nov. 10, 1986]."

Section 79(b) of Pub.L. 99–646 provided that: "The amendment made by this section [amending this section] shall take effect on the date of the enactment of this Act [Nov. 10, 1986]."

**Effective Date and Savings Provisions of 1984 Amendment.** Amendment by Pub.L. 98–473 effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

**Effective Date.** Section effective with respect to offenses occurring after Jan. 1, 1983, pursuant to section 9(b)(2) of Pub.L. 97–291.

## § 3664.  Procedure for issuing order of restitution

(a) The court, in determining whether to order restitution under section 3579 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

(b) The court may order the probation service of the court to obtain information pertaining to the factors set forth in subsection (a) of this section. The probation service of the court shall include the information collected in the report of presentence investigation or in a separate report, as the court directs.

(c) The court shall disclose to both the defendant and the attorney for the Government all portions of the presentence or other report pertaining to the matters described in subsection (a) of this section.

(d) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

(e) A conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

(Added Pub.L. 97–291, § 5(a), Oct. 12, 1982, 96 Stat. 1255, § 3580, renumbered Pub.L. 98–473, Title II, § 212(a)(1), Oct. 12, 1984, 98 Stat. 1987.)

### EDITORIAL NOTES

**Effective Date and Savings Provisions of 1984 Amendment.** Amendment by Pub.L. 98–473 effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

**Effective Date.** Section effective with respect to offenses occurring after Jan. 1, 1983, see section 9(b)(2) of Pub.L. 97–291 set out as an Effective Date note under section 1512 of this title.

## § 3665.  Firearms possessed by convicted felons

A judgment of conviction for transporting a stolen motor vehicle in interstate or foreign commerce or for committing or attempting to commit a felony in violation of any law of the United States involving the use of threats, force, or violence or perpetrated in whole or in part by the use of firearms, may, in addition to the penalty provided by law for such offense, order the confiscation and disposal of firearms and ammunition found in the possession or under the immediate control of the defendant at the time of his arrest.

The court may direct the delivery of such firearms or ammunition to the law-enforcement agency which apprehended such person, for its use or for any other disposition in its discretion.

(June 25, 1948, c. 645, § 1, 62 Stat. 839, § 3611, renumbered Oct. 12, 1984, Pub.L. 98–473, Title II, § 212(a)(1), 98 Stat. 1987.)

### REVISION NOTES

Based on title 18, U.S.C., 1940 ed., § 645 (June 13, 1939, ch. 197, 53 Stat. 814).

The condensation and simplification of this section clarifies its intent to confiscate the firearms taken from persons convicted of crimes of violence without any real change of substance.

### EDITORIAL NOTES

**Effective Date and Savings Provisions of 1984 Amendment.** Amendment by Pub.L. 98–473 effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.