IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN G. HEIDE,<br><br>Defendants. | )<br>)<br>) Case No.  04-MS-5609<br>)<br>)<br>) **MEMORANDUM ORDER**<br>)<br>)<br>)<br>) |

On May 24, 2006, United States Magistrate Judge Mikel H. Williams issued his Report and Recommendation in this matter.  Pursuant to 28 U.S.C. §  636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation.  On June 1, 2006, the Defendant filed his objection to the Report and Recommendation.  Plaintiff United States of America ("Government") timely filed a response to the objection on June 13, 2006.

Pursuant to 28 U.S.C. § 636(b)(1) this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge.  The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b) and is now prepared to rule on the objection filed by Defendants.

MEMORANDUM ORDER - 1

<u>Factual Background</u>

The Court adopts the factual background set forth in the Report and Recommendation (Dkt #26) on pages 1-5:

This matter is before the Court pursuant to an Objection to Proceedings in Idaho (Dkt #8) filed on July 14, 2004 by the Defendant/Judgment Debtor Melvin Heide ("Heide"). As background, Heide, entered a plea of guilty to mail fraud and making false statements in the Western District of Washington and a Judgment and Commitment was entered on July 24, 1990. Part of the Judgment and Commitment required that he make restitution to 10 individuals for his fraudulent activities, in the amount of $1,656,768.60. After various credits were made, by May 6, 1991, the amount of restitution was reduced to $957,874.70. On January 21, 1993, Heide entered into a Restitution Agreement where he agreed to pay $150.00 a month on his restitution, but that minuscule amount hardly made a dent in his obligation.

Part of Heide's sentence included 5 years of probation. As his probation neared its completion, his probation officer notified the sentencing judge that his restitution now equaled $947,849.70 and that she had requested that Heide execute a promissory note for that amount promising to pay the restitution to the 10 victims, but that Heide had refused. On September 17, 1997, Heide was discharged from probation without the restitution ever being satisfied. Efforts to collect the restitution then fell into the hands of the United States Attorney' Office in the Western District of Washington and eventually the United States Attorneys' Office for the District of Idaho ("Government").

Apparently it came to the attention of the Government that Heide had a potential asset located in the District of Idaho which could be levied upon to satisfy the outstanding restitution. On April 16, 2004, the Government registered the July 24, 1990 Western District of Washington's Judgment and Commitment in the District of Idaho. On May 25, 2004, the Government made an Application for a Writ of Execution. The Writ of Application alleged that Heide's largest asset was his ownership of WBW, a limited liability company organized under the laws of Washington and registered in Idaho. There were no other members of WBW, LLC., except Heide, and he was listed as the manager.

Earlier, WBW, LLC., had filed a Petition in Bankruptcy under Chapter 11 in the District of Idaho. *In re WBW, LLC.*, Case No. BR 03-2387. There were two pending Adversary Proceedings filed in that case. One adversary action revolved around the question of whether Heide was the alter ego of WBW, LLC, and whether WBW, LLC, was acting on behalf of Virgil Jahnke, an Idaho judgment debtor, to conceal assets from collection by the Government. *See WBW, LLC., v. Department of Treasury, et al.*, Adversary No. 03-6316, and *United States v. WBW, LLC., et al.* Adversary No. 04-6091. The Application for a Writ of Application further described Heide's ties to the District of Idaho as being substantial and asserted that venue was proper in the District of Idaho and that nationwide jurisdiction was

MEMORANDUM ORDER - 2

conferred under the Federal Debt Collection Act, 28 U.S.C. § 3004(b).  Since the assets of the WBW, LLC., upon which the Government sought to levy were currently under the jurisdiction of the Bankruptcy Court, the Government asserted that service of the Writ on the Bankruptcy Court would be sufficient to "secure" the property.

Also dated May 26, 2004 was a Clerk's Notice of Post-Judgment Execution which was to be served on Heide.  This notice provided that if Heide thought the property was exempt from execution that he could request a hearing before the Court and further if Heide resided out of the state of Idaho, he could request within 20 days that the matter be transferred to the district court where he resided.  On June 29, 2004 was served by a Deputy U.S. Marshall in Bellevue, Washington, with the Clerk's Notice of Post-Judgment Execution on the Defendant.

On July 14, 2004, Heide, acting pro se, filed an Objection to Proceeding in Idaho, requesting that this proceeding be transferred to the Western District of Washington where he resided.  On July 20, 2004, the Government responded to the Objection to Proceeding in Idaho.  In its response, the Government argued that under general venue provision, an action to recover a fine, penalty or forfeiture may be prosecuted in the district where the defendant is found or the district where it accrues. 28 U.S.C. § 1395(a).  The Government asserted that since WBW, LLC., is the alter ego of Heide and its assets were within the jurisdiction of the Bankruptcy Court in the District of Idaho, that Heide was "present" in Idaho for the purpose of these proceeding.

This Court noticed a hearing on October 13, 2004 to determine the validity of the objections, which was vacated until Heide's Seattle attorney could file his application to appear *pro hac vice* which was done on November 23, 2004.  Prehearing memorandums were submitted by both parties.  Heide argued in his submissions that Heide's earlier Objection to Proceeding in Idaho should be treated as a motion for change of venue under 28 U.S.C. § 104(a) for the convenience of the parties and witnesses.  Secondly, Heide argued that the 1990 Western District of Washington's Judgment and Commitment had been wrongfully registered in Idaho and that the Writ of Execution should be vacated and or quashed and the proceedings abated.  Thirdly, Heide argued that the restitution obligation was a special condition of his probation under the Federal Probation Act, 18 U.S.C. § 3651 (repealed by Pub. L. No. 98-473, Title II, § 212(a)(2), 98 Stat.1987, 2031 (1984).  Since Heide had been discharged from his probation on September 17, 1997, he argues that any obligation to pay restitution expired on the day his probation ended.

The Government's prehearing memorandum took issue with each of the points raised by Heide.  Further, the Government moved to strike the affidavit of Peter K. Mair which he been submitted on behalf of Heide. (Dkt # 16) In the affidavit, Mr. Mair, who was Heide's criminal defense attorney during the underlying criminal case, discusses conversations he has had with Assistant United States Attorney Kurt Hermanns, who was one of the attorneys who handled the prosecution of Heide in Washington.  The affidavit also included the professional background of Mr. Mair and includes some discussion of how the Federal

MEMORANDUM ORDER - 3

Probation Act and the Victim Witness Protection Act applied to this case and Mair's opinion that Heide was sentenced under the Federal Probation Act. The Government asked that the affidavit be stricken based on hearsay and inadmissible legal opinion's from Heide's former criminal defense counsel.

On December 2, 2004, this Court held a hearing on Heide's objections to the Writ of Execution and took the matter under advisement. Following the hearing the Court reviewed the bankruptcy pleadings that had been submitted by the Government. It appeared to the Court that the validity of the Western District of Washington's Judgment and Commitment would be resolved at the same time the Government was arguing its position in Bankruptcy Court that Heide was the alter ego of WBW, LLC. There was also an automatic stay in place because of the bankruptcy, at least as to WBW, LLC. In the interest of judicial economy and to avoid possible inconsistent decisions on these issues, the Court held this matter in abeyance pending possible resolution of these issues by the Bankruptcy Court.

Both parties have advised the Court in their status reports that any stay provisions under the Bankruptcy Code would not affect the issues raised by Heide's objections to the registration of the Western District of Washington's Judgment and Commitment in Idaho. Further, resolution of these issues would assist in the administration of the bankruptcy proceedings.

<u>Report and Recommendation</u>

Judge Williams recommends that the Objection by the Defendant to Proceeding in Idaho (Dkt #8) be denied. Report and Recommendation, p. 14. Additionally, Judge Williams recommends that the Motion to Strike (Dkt #16) be deemed moot. Report and Recommendation, p. 14.

Defendant outlines eight (8) specific objections to the Report and Recommendation. First, Defendant argues that the finding on Page 3, ¶ 1 of the Report and Recommendation regarding service of a Writ on the Bankruptcy Court is erroneous and not supported by the record. Second, Defendant argues that the Court improperly ruled on the issue of venue. Third, Defendant argues that the Court improperly found a number of evidentiary issues. Fourth, Defendant argues that the Magistrate Judge made improper findings based on "practical considerations" rather than admissible

MEMORANDUM ORDER - 4

evidence.  Fifth, Defendant argues that the Magistrate Judge improperly failed to consider points made at oral argument.  Sixth, Defendant argues that the Magistrate Judge improperly disregarded or ignored various  points and arguments made in the Defendant's Memorandum (Dkt #17). Seventh, Defendant argues that the Sentencing Reform Act ("SRA") is inapplicable to Defendant's sentencing, and thus references made to the SRA by the Magistrate Judge are improper.  Eighth, Defendant argues that the Magistrate Judge's recommendation that the Motion to Strike be deemed moot deprives the Defendant of due process of law and his right to a fair hearing and unduly prejudices the Defendant.

Objection to Recommendation Regarding Service of the Writ on the Bankruptcy Court

Mr. Hiede claims the Writ of Execution by the Government was issued to attach Mr. Heide's assets not the assets of WBW, LLC, an Idaho limited liability company ("WBW"), which is a separate legal entity.  The Government maintains WBW is the alter ego of Mr. Heide since Mr. Heide is the sole owner of WBW.  The Government has now filed a proof of claim in WBW's bankruptcy proceeding. Therefore, if the Government is correct in its legal argument, it would be entitled to execute on Mr. Heide's assets held by WBW.  The alter ego issue has not been addressed by the Bankruptcy Court.  In reviewing the docket In re WBW, LLC, Case No. BR 03-2387, it appears that the proof of claim filed by the government has not been objected to.  Pursuant to Bankruptcy Rule 3001(f), the proof of claim shall constitute prima facie evidence of the validity and amount of the claim.  The Court notes while that a proof of claim can be objected to at anytime pursuant to Bankruptcy Rule 3007, such does not appear to have occurred.  Accordingly, this Court finds at this stage in the litigation, the writ of execution, based on the proof of claim, is a valid claim

MEMORANDUM ORDER - 5

against the assets of Mr. Heide.  The objection to the Magistrate Judge's finding regarding the Writ of Execution is denied.

<u>Venue</u>

Judge Williams' Report and Recommendation clearly and correctly sets forth the appropriate legal standard to consider a motion for a change of venue under 28 U.S.C. § 1404(a).  Congressional intent is clearly and concisely set forth in the statute which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it may have been brought." 28. U.S.C. § 1404(a).  The authority given to change venue under this statute is not mandatory, rather it lies within the discretion of the judge as evidenced by Congress' choice of the word "may."

In his objection, Defendant acknowledges that Judge Williams correctly cites the factors that must be weighed when considering a motion for a change of venue.  <u>See Direct TV, Inc. V. EQ Stuff, Inc</u>, 207 F.Supp2d 1077, 1082 (C.D. Cal. 2002) (Court may consider: (1) the plaintiff's choice of forum, (2) the convenience of witnesses and parties, (3) the familiarity of the forum with applicable law, (4) the ease of access to evidence, (5) the parties' contacts with the chosen forum, and (6) the differences in the cost of litigation).  However, Defendant contends that Judge Williams failed to properly apply these factors.

Generally, there is a strong presumption in favor of the plaintiff's choice of forum.  <u>Ravelo Monegro v. Rosa</u>, 211 F.3d 509, 513 (9th Cir. 2000).  However, Defendant argues that the Government's choice of forum in this case should not be given substantial weight because Idaho is not the site of the operative events of the case.  In support of his contention, Defendant cites an

MEMORANDUM ORDER - 6

unpublished District Court opinion, <u>IBM Credit Corp v. Definitive Computer Services, Inc.</u>, 1996

WL 101172 (N.D. Cal) and a section from Moore's Federal Practice which says:

> When the chosen forum is neither the plaintiff's residence nor the place where the
> operative events occurred, the court is likely to override the plaintiff's choice of
> forum...unless the plaintiff can show that some other valid reason supports plaintiff's
> choice of forum.

17 <u>Moore's Federal Practice</u>, § 111.13[1][c], p. 111-71 (3rd Ed. 2004).  In as much as citation to

unpublished opinions is contrary to the local rules by which this court is bound, no credence or

weight  will be given to the argument made in <u>IBM Credit Corp</u>.  While it is true that the underlying

events of this case happened in Washington, there are still significant ties with Idaho that support

the Government's choice of forum in this case.  More specifically, this is an action to recover

restitution from the Defendant Mr. Heide.  Mr. Heide is the sole manager of WBW, LLC., a limited

liability company organized in Washington and registered in Idaho.  Moreover, an action is pending

in bankruptcy in the District of Idaho in which WBW, LLC. is a party.  Because the issues before

the bankruptcy court are so closely intertwined with the issues in this case, Idaho is a logical forum

for this action as well.  As such, the Government has "other valid reasons" to support their choice

of forum.  Thus, the very authority that the Defendant cites in favor of changing venue, appears to

weigh in favor of supporting the Government's choice of forum.

       As to the convenience of the witnesses and parties, Defendant argues that he and all of the

potential witnesses reside in the Western District of Washington and that appearing in Idaho will

be extremely inconvenient.  While this may be true, this is only one factor that the judge may

consider when deciding a motion to change venue.  Inconvenience of the parties and witnesses,

standing alone, is not sufficient to require a change of venue.  Moreover, Defendant's LLC is

registered to do business in Idaho so the Defendant must have known that litigation in Idaho was

MEMORANDUM ORDER - 7

always a possibility.

Defendant concedes that the familiarity of the forum with applicable law is presumably a neutral element which weighs in neither side's favor. As to access to evidence and cost to litigants the Court finds that it would generally be a wash for the parties.

In regards to the parties' contacts with the chosen forum, Defendant argues that the sole contact with Idaho is WBW, LLC. However, the Magistrate Judge found, and this Court agrees, that the Defendant has substantial contacts with Idaho. <u>See</u> Report and Recommendation at 6. As the Magistrate Judge pointed out, the Defendant will continue to be involved with the bankruptcy litigation that is presently proceeding in Idaho. As previously indicated, that proceeding is significantly intertwined with the facts and issues of this matter. For these reasons, this Court finds that this element weighs in favor of denying the motion to change venue.

On balance, this Court agrees with the Magistrate Judge's recommendation that the District of Idaho is an appropriate forum to resolve the issues surrounding the validity of the Writ and that the motion to change venue should be denied.

<u>FPA v. VWPA</u>

The next five objections made by the Defendant all relate to which statutory regime the judge relied upon when sentencing the Defendant. If the judge relied upon the Federal Protection Act ("FPA") when ordering the Defendant to pay restitution, as Defendant contends, then the obligation to pay restitution would have expired when the Defendant's probation term ended. However, if the judge relied upon the Victim and Witness Protection Act ("VWPA"), as the Government argues here, then the order to pay restitution maintains its viability. Judge Williams points out in his Report

and Recommendation there was a four-year period of time in which it would have been proper for a judge to order restitution under either statutory regime. As circumstances have it, Heide's offenses fit within the time frame when the FPA and the VWPA overlapped and the judge that sentenced the Defendant did not clearly indicate which regime he was using to order restitution. After carefully considering the record and the representations of counsel, this Court reaches the same conclusion that Judge Williams reached - that the Defendant's sentence was entered pursuant to the VWPA.

In circumstances such as the present case where the sentencing judge fails to clearly identify whether restitution is ordered pursuant to the FPA or the VWPA, a majority of circuits have held that absent a clear intention in the record to the contrary, the broader provisions of the VWPA will apply. United States v. Brewer, 983 F.2d 181, 184 (10th Cir. 1993); United States v. Chaney, 964 F.2d 437, 451 (5th Cir. 1992); United States v. Kress, 944 F.2d 155, 158 (3rd Cir. 1991) cert denied 502 U.S. 1092 (1992); United States v. Padgett, 892 F.2d 445, 448 (6th Cir. 1989) ("[W]e conclude that the intention must have been to proceed under the VWPA since to do other than that would simply be foolish"); United States v. Spambanato, 876 F.2d 5, 7 (2nd Cir. 1989) ("[F]or crimes committed after January 1, 1983...restitution is to be awarded only pursuant to the VWPA."); United States v. Ferrera, 746 F.2d 908, 914 (1st Cir. 1984) ("[W]e foresee little or no resort to [the FPA] in the future, it having been effectively superceded in most cases by the broader restitution provisions of the [VWPA]."). In this case, the record reveals very little about which statutory regime the judge intended to use when ordering restitution. Certainly, there is not a sufficient indication that the judge intended to use the FPA such that the presumption in favor of the VWPA is overcome.

The Defendant next argues restitution was a special condition of probation.  The Ninth Circuit has held that where restitution is ordered as a "special condition of probation," it can only be ordered under the FPA.  U.S. v. Duvall, 926 F.2d 875, 876 (9th Cir. 1991).  In Duvall, the court also dealt with a situation where the defendant argued that it was unclear whether the order of restitution was made pursuant to the provisions of the VWPA or the FPA.  However, the facts of that case differ in at least one significant regard to the facts in this case.  In that case, the district judge expressly stated, both at the sentencing hearing and in his written judgment, that restitution was imposed as a special condition of probation.  Id.  In the present case, the judge did not expressly indicate that restitution was imposed as a special condition of probation.  The order merely reads, "restitution as ordered."  The only special condition of probation was that the Defendant was to provide his probation officer with access to all financial information.  Therefore, Defendant's special condition argument is rejected and the presumption of the VWPA stands.

In addition to the arguments outlined above, underlying policy considerations also point to the application of the VWPA over the FPA.  The legislative history of the VWPA indicates that one of the primary purposes of this statute was to "strengthen existing legal protections for victims and witnesses of federal crimes."  S. REP. NO. 97-532, at 9 (1982).  The history further suggests, that it was Congress' intention that an order of restitution "will cover a period that will reasonably assure full and complete payment of the restitution order nothwithstanding any maximum period of probation or incarceration the defendant could have served."  S. REP. NO. 97-532, at 32 (1982).

The amount of restitution ordered in this case, after various credits were made, approached one million dollars.  The Defendant was only sentenced to probation for a term of five years.  If restitution were ordered under the FPA, then all amounts that are not paid in full at the expiration

MEMORANDUM ORDER - 10

of the term of probation become void.  The victims of the underlying crimes - who had been given

a glimmer of hope with the restitution order - would be left with nothing, and thus victimized again.

This is a fate Congress clearly intended to remedy with the enactment of the VWPA.  Complete

restitution of nearly one million dollars in only five years would be virtually impossible for most

individuals.  The Sentencing Agreement in this case, which only provided for monthly payments of

$150, guaranteed that complete restitution in five years was impossible.  Allowing the Defendant's

substantial obligations to make restitution expire and leaving the victims with no remedy to speak

of is certainly not what Congress contemplated.  In light of Congress' efforts to secure greater

protection for victims, this Court adopts Judge Williams' practical considerations and finds that

restitution was ordered pursuant to the VWPA.


                                    Motion to Strike

        Judge Williams has recommended that the Government's motion to strike the affidavit of Mr.

Mair be deemed moot.  Specifically, he said:

> While the Court has referenced some of the exhibits attached to the affidavit, it did
> not rely upon any representation made by Mr. Mair as to his conversation with the
> AUSA who prosecuted Heide, nor any of his legal opinions as they interplay
> between the FPA and the VWPA.

See Report and Recommendation, at 14.  Defendant contends that this ruling is very prejudicial to

Mr. Heide, that it exhibits a lack of fairness, and that it deprives Mr. Heide of his right to a fair

hearing and due process of law.  Defendant argues the Magistrate Judge should have either admitted

the evidence or scheduled an evidentiary hearing consistent with the Federal Rules of Civil

Procedure 43(e).

        The Government argues that the Defendant is not prejudiced by the Magistrate Judge's

MEMORANDUM ORDER - 11

recommendation that the motion to strike be deemed moot because had the motion been ruled on the conversation with Mr. Hermanns and Mr. Mair's legal opinions would have been stricken as inadmissible hearsay and legal opinion.

The Court finds the Government's argument to be correct.  The portions of the affidavit upon which Defendant seeks to rely are inadmissible as evidence and thus the Defendant is not prejudiced by the Magistrate Judge's determination that the motion to strike be deemed moot.

Conclusion

For the reasons stated above, Defendant's objections to the Report and Recommendation are denied.

ORDER

Because the Court finds the Report and Recommendation of Judge Williams to be well founded in law, the Court hereby accepts it in its entirety, and adopts as its own the findings made by Judge Williams.  Acting on the recommendations of Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED:**

1) That the Objection by the Defendant to Proceeding in Idaho (Dkt. #8) be **DENIED**,

2) That the Motion to Strike, (Dkt. #16) be deemed **MOOT**, and

MEMORANDUM ORDER - 12

3) This Order shall serve as the judgment in this matter and this case is **DISMISSED IN ITS ENTIRETY**.

DATED:  **February 20, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 13